KIRK D. MILLER, P.S.
421 W. Riverside Avenue
Suite 660
Spokane, WA 99201
(509)413-1494 Telephone
(509)413-1724 Facsimile

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAIFON PITUK, and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CAVALRY SPV I, LLC, a Delaware limited liability company, <br><br> Defendant. | Case No.: <br><br> COMPLAINT – CLASS ACTION <br><br> JURY DEMANDED |

## I. INTRODUCTION

Plaintiff brings this class action Complaint, by and through her undersigned counsel, against Defendant Cavalry SPV I, LLC (hereinafter "Defendant" or "Cavalry" individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

COMPLAINT - 1

## II. JURISICTION AND VENUE

2.1  The Court has jurisdiction over this class action under 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2.2  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1291(b)(2).

## III. NATURE OF THE ACTION

3.1  Plaintiffs bring this class action for damages for Defendant's actions of using unfair and unconscionable means to collect debts.

3.2  Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

3.3  Plaintiffs seek damages, declaratory, and injunctive relief.

## IV.   PARTIES

4.1  Plaintiffs are natural persons and residents of the state of Washington and are "Consumers" as defined by 15 U.S.C § 1692(a)(3).

4.2  Defendant Cavalry, is a collection agency with its principal place of business located at 500 SUMMIT LAKE DR STE 400, VALHALLA, NY 10595.

COMPLAINT - 2

4.3 Upon information and belief, Defendant Cavalry is a company that uses the mail, telephone, and facsimile and regularly engages in business with a principal purpose to attempt to collect debts alleged to be due to another.

4.4 Cavalry is a "debt collector," as defined under the FDCPA under 15 U.S.C § 1692a(6).

## V. CLASS ACTION ALLEGATIONS

5.1 Plaintiff's bring this claim on behalf of herself and the following classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

5.2 The Class consists of:

(a) all individuals with addresses in the state of Washington;

(b) who were sued by Defendant in a Washington superior court;

(c) in a lawsuit that could have been commenced in a Washington county district court;

(d) where the complaint requested an award of attorney's fees pursuant to RCW 4.84.080.

5.3 The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

COMPLAINT - 3

5.4 Excluded from the Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

5.5 This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure, because there is a well-defined community interest in the litigation:

  (a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis, allege that the Class defined above is so numerous that joinder of all members would be impractical.

  (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's request for statutory attorney's fees pursuant to RCW 4.84.0780 violates 15 U.S.C §§ 1692e and/or f.

  (c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff

COMPLAINT - 4

                   Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    (e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual's actions would engender.

5.6    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions

COMPLAINT - 5

        affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.7    The class period is the one year preceding the filing of this case, where Defendant either served or filed any superior court lawsuit, through the date that the class is certified.

## VI. PLAINTIFF PITUK'S ALLEGATIONS OF FACT

6.1    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

6.2    On January 18, 2018, Defendant served Ms. Pituk with an unfiled Spokane County Superior Court summons and complaint.

6.3    On or about February 9, 2018, Ms. Pituk responded to the lawsuit.

6.4    Defendant's complaint contained a request for attorney's fees pursuant to RCW 4.84.080.

6.5    RCW 4.84.080 states in relevant part: "When allowed to either party, **costs to be called the attorney fee**, shall be as follows: (1) In all actions where judgment is rendered, two hundred dollars." (emphasis added)

COMPLAINT - 6

6.6 The total principal amount requested in Defendant's complaint was one thousand two hundred eighty-eight dollars and thirty-five cents ($1,288.35).

6.7 At all times relevant to this action, the jurisdictional limit of all Washington district courts has been one hundred thousand dollars ($100,000.00).

6.8 Defendant's complaint does not seek relief of any kind, which is outside the jurisdiction of the Washington district courts.

6.9 Washington law prohibits Defendant from seeking RCW 4.84.080 attorney's fees for cases within the jurisdiction of the county district courts.

6.10 The amount requested by Defendant in the Superior Court action is within the jurisdictional limit of the county District Court.

6.11 Defendant's complaint did not seek non-monetary relief that is outside the jurisdiction of the Washington district courts.

6.12 RCW 4.84.030 states in relevant part: "the plaintiff shall in no case be entitled to **costs taxed as attorneys' fees** in actions within the jurisdiction of the district court when commenced in the superior court." (emphasis added).

COMPLAINT - 7

6.13 Defendant is not entitled to an award of RCW 4.84.080 attorney's fees in the lawsuit filed against Ms. Pituk in the Spokane County Superior Court.

6.14 Defendant has requested RCW 4.84.080 attorney's fees in Washington Superior Court cases more than 100 times in the one year preceding the filing of this action.

6.15 Defendant has requested RCW 4.84.080 attorney's fees in Washington Superior Court cases more than 200 times in the one year preceding the filing of this action.

6.16 Plaintiff's request for RCW 4.84.080 attorney's fees is a static field in the form complaints filed by Defendant's attorney, Mandarich Law Group, in the state of Washington.

### VII.   CAUSE OF ACTION
Violations of the Fair Debt Collection Practices Act
15 U.S.C §1692e *et seq.*

7.1 Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

7.2 Defendant attempted to collect attorney's fees pursuant to RCW 4.84.080.

COMPLAINT - 8

7.3 Defendant is not entitled to attorney's fees under RCW 4.84.080 when it files actions in the Washington superior courts, which could have been filed in Washington county district courts.

7.4 Attempting to collect fees to which it is not entitled is misleading to the least sophisticated consumer.

7.5 Defendant's improper request for attorney's fees is material because it may impact how a consumer chooses to respond to a lawsuit.

7.6 Defendant's improper request for attorney's fees constitutes a concrete informational injury that is particularized to the state-court defendant in the lawsuit.

7.7 Defendant's debt collection effort violated section 15 U.S.C. § 1692e of the FDCPA, which prohibits any false, deceptive, or misleading representation by a debt collector.

7.8 The Defendant violated the aforementioned provision by falsely representing its entitlement to statutory attorney's fees, thereby using deceptive and misleading means to collect or attempt to collect any debt in violation of 15 U.S.C §1692e(10).

7.9 Defendant's request for RCW 4.84.080 attorney's fees is unfair and, therefore, in violation of 15 U.S.C. § 1692f.

COMPLAINT - 9

7.10 Defendant violated 15 U.S.C. § 1692f(1) by collecting and attempting to collect "any amount (including any interest, **fee**, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." (emphasis added)

7.11 By reason thereof, Defendant is liable to Plaintiffs for judgment that Defendant's conduct violated §1692e and f of the FDCPA, statutory damages, costs and attorney's fees.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

8.1 Declaring that this action is properly maintainable as a Class action and certifying Plaintiff as Class representative and Kirk D. Miller as Class Counsel;

8.2 Awarding Plaintiffs and the Class statutory damages;

8.3 Awarding Plaintiffs costs of this Action, including reasonable attorney's fees and expenses;

8.4 Awarding pre-judgment interest and post-judgment interest; and

8.5 Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

COMPLAINT - 10

DATED this 22nd day of February 2018.

*Kirk D. Miller P.S.*

/s Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiff

COMPLAINT - 11